IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
January 11, 2005 Session

**STATE OF TENNESSEE v. STEVEN TOTTY**

**Direct Appeal from the Circuit Court for Gibson County**
**No. 7196     Clayburn Peeples, Judge**

_____

**No. W2004-01916-CCA-R3-CD  - Filed March 9, 2005**

_____

The defendant appeals his conviction for sexual battery, contesting the sufficiency of the evidence
and asserting ineffective assistance of trial counsel.  Following our review, we conclude that the
evidence was sufficient to support the conviction.  The issue of ineffective assistance is waived for
failure to perfect the record, cite to relevant authority, or reference the record.  Accordingly, we
affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and J.C.
MCLIN, JJ., joined.

C. Timothy Crocker, Milan, Tennessee (on appeal), and M. Scott Smith, Jackson, Tennessee (at
trial), for the appellant, Steven Totty.

Paul G. Summers, Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General;
Garry G. Brown, District Attorney General; and Edward L. Hardister, Assistant District Attorney
General, for the appellee, State of Tennessee.

**OPINION**

Facts and Procedural History

        Following a jury trial, the defendant, Steven Totty, was convicted of sexual battery (a Class
E felony).  The trial court subsequently sentenced him to two years as a Range I offender; a motion
for new trial was then filed by the defendant and denied by the trial court.  On appeal, the defendant
contends that:  (1) the evidence was insufficient to support the sexual battery conviction, and (2)
counsel rendered ineffective assistance at trial.  Upon reviewing the record, briefs, and applicable
law, we affirm the judgment of the trial court.

Viewed in a light most favorable to the State, the record reflects that the victim and the defendant first met when the victim began working at Backyard Burgers in December 2001. The defendant and his employees ate at the restaurant approximately three to four times while the victim worked there as a cashier and occasionally delivered food to the tables. The victim testified that, on one occasion, the defendant asked him his age. When the victim replied that he was seventeen, the defendant inquired as to when he turned eighteen and further informed the victim that he could take a job with the defendant's construction company when he reached the age of eighteen. The defendant told him that no experience was necessary and that he would receive on-the-job training in air conditioning and heating repair.

Shortly thereafter, the victim stopped working at Backyard Burgers and began working as a server at the Steak-n-Shake restaurant. The victim stated that the defendant and his employees ate at that restaurant as well and that the defendant reiterated that the job offer still stood upon the victim turning eighteen.

Shortly after the victim's eighteenth birthday, he began working for the defendant's company. The company's work was described by the victim as "odd and end home improvement," and the victim's job responsibilities were described as being a "gopher," retrieving equipment, and aiding the defendant on job sites.

On the afternoon of February 19, 2002, the victim and the defendant were running errands and stopped by the defendant's home, where he lived with his mother, to drop off some equipment. As the victim was putting away some of the equipment in the corner of an adjacent shed, the defendant came up behind him, pinned him against a workbench, and "forced his hand into [the victim's] pants," touching the victim's genitalia. The victim testified that the pants he wore that day "weren't baggy" and that the defendant "had to force his way in there." The victim further stated that the incident happened quickly because he immediately "backed [the defendant] off" and asked the defendant what he was doing. The victim testified that, in response, the defendant apologized and asked the victim if he could pay the victim to perform oral sex on him. The victim refused, and the defendant apologized.

The victim and the defendant then left to go to a job site, at which time the victim's ear began hurting, causing him to leave work early. The victim was diagnosed with an ear infection and was instructed not to go to work the next day. He stated that he missed the next two days of work but returned on the third day to pick up his check. At that time, the victim took a digital audio recorder with him in order to record any statements the defendant might make regarding the incident. The victim recorded an extended conversation with the defendant in which he apologized for the earlier encounter and proposed additional sexual contact with the victim. The victim did not return to work after that day and signed a warrant for the sexual battery charges thereafter. The defendant was ultimately convicted as charged.

The defendant now appeals to this Court, challenging the sufficiency of the evidence to support the conviction and asserting ineffective assistance of counsel.

## Analysis

### I. Sufficiency of the Evidence

The defendant initially contends that the evidence was insufficient to support his conviction for sexual battery; specifically, the defendant avers that the State failed to prove that he acted with the requisite force or coercion. See Tenn. Code Ann. § 39-13-505(a). In determining the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). A jury verdict approved by the trial judge accredits the State's witnesses and resolves all conflicts in favor of the State. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994).

On appeal, the State is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences that may be drawn therefrom. Id. This Court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the defendant demonstrates that the facts contained in the record and the inferences that may be drawn therefrom are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty beyond a reasonable doubt. State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996). Accordingly, it is the appellate court's duty to affirm the conviction if the evidence, viewed under these standards, was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994).

The pertinent statute states that,
(a) Sexual battery is unlawful sexual contact with a victim by the defendant or the defendant by a victim accompanied by any of the following circumstances:
   (1)  Force or coercion is used to accomplish the act;
   (2)  The sexual contact is accomplished without the consent of the victim and the defendant knows or has reason to know at the time of the contact that the victim did not consent;
   (3) The defendant knows or has reason to know that the victim is mentally defective, mentally incapacitated or physically helpless; or
   (4) The sexual contact is accomplished by fraud.
(b)  As used in this section, "coercion" means the threat of kidnapping, extortion, force or violence to be performed immediately or in the future.
(c)  Sexual battery is a Class E felony.
(d) When imposing sentence under the provisions of title 40, chapter 35, for a conviction under this section, the court shall consider as an enhancement factor that the defendant caused the victim to be mentally incapacitated or physically helpless by use of a controlled substance.

Tenn. Code Ann. § 39-13-505 (2004). The defendant in this case challenges the sufficiency of the evidence as it pertains to the use of force or coercion necessary to constitute sexual battery.

In the present case, the jury accredited the testimony of the victim, who stated that the defendant "pressed up against [him] and pinned [him] between the bench and forced [the defendant's] hand into [the victim's] pants." When questioned as to the amount of force used by the defendant, the victim replied that, "[The defendant] had to force his way in there. I mean, [the pants] weren't baggy clothes by all means." Finally, the victim testified that he had done nothing to indicate consent to the defendant's actions. We conclude that these facts were sufficient for a rational trier of fact to find the element of force or coercion beyond a reasonable doubt. Therefore, we will not disturb the jury's verdict.

## II. Ineffective Assistance of Counsel

Second, and finally, the defendant contends that he received ineffective assistance of counsel because trial counsel appeared extremely nervous, spilled water on more than one occasion, fell out of his chair, and advised him not to testify at trial despite his desire to do so.

Initially, we note that appellate counsel, in asserting ineffective assistance of trial counsel, has himself failed to include the transcript of the motion for new trial in this record, cite to authority, or reference the record in support of his contention. We would remind appellate counsel that failure to do any of the above may result in a waiver of the issue on appeal. See Tenn. R. App. P. 24(b); Tenn. Ct. Crim. App. R. 10(b).

Moreover, this Court has previously held that raising the issue of ineffective assistance on direct appeal is "fraught with peril." State v. Anderson, 835 S.W.2d 600, 607 (Tenn. Crim. App. 1992). In raising this issue on appeal, "the appellant runs the risk of having the issue denied due to a procedural default, or in the alternative having a panel of this Court consider the issue on the merits." Id. In the present case, appellate counsel has failed to complete the minimal tasks of perfecting the record, citing authority, and referencing the record, and has thereby waived the issue at the only point at which it may be litigated.

In his brief, the defendant contends that trial counsel "lost credibility" with the jury when he appeared nervous, spilled water, and fell out of his chair. We note that neither manual dexterity nor overall coordination are prerequisites to a finding of effective assistance of counsel. Moreover, although the defendant argues that counsel appeared nervous, the record reflects that his performance proved otherwise. The trial transcript reveals that counsel thoroughly examined the defense witness and rigorously cross-examined the State's sole witness, the victim in this case. Furthermore, counsel diligently objected to the admission of testimony and other evidence and was generally a zealous advocate.

The defendant further contends that counsel was ineffective in advising him not to testify at trial despite his desire to do so. On the contrary, the trial transcript reflects that a brief hearing was held in which the defendant affirmed that he was aware of his right to testify and that it was his decision not to exercise that right in this matter. The record is simply devoid of any evidence

supporting the defendant's argument.

Conclusion

Because there is sufficient evidence in the record to support the conviction and because the issue of ineffective assistance is waived, the judgment of the trial court is affirmed.

_____

_____                    _____
_____                    JOHN EVERETT WILLIAMS, JUDGE